1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GEORGE ARLIS VALENZUELA,

11            Plaintiff,                    No. CIV S-07-1518 GEB EFB P

12        vs.

13    J. NICK, et al.,

14            Defendants.            ORDER

15    _____/

16        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See*

17    42 U.S.C. § 1983.  The case was referred to this court by Local Rule 72-302 pursuant to 28

18    U.S.C. § 636(b)(1).

19        Plaintiff has filed an application for leave to proceed *in forma pauperis*.  His declaration

20    makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C.

22    § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income

23    credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff

24    shall forward payments from plaintiff's account to the Clerk of the Court each time the amount

25    in the account exceeds $10 until the filing fee is paid.

26    ////

1

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the

2  reasons explained below,  finds it does not state a cognizable claim against any defendant.  To

3  proceed, plaintiff must file an amended complaint.

4    Plaintiff's claims relate to confiscated property.  Specifically, he alleges:

5    C/O J. Nick searched my cell on 4/4/05 and confiscated items of my personal
     property including priceless antique photos of my great grand parents children
6    and other family, legal documents I was filing, my bible and other books
     including a antique bible that belonged to my great great grandparents containing
7    our family history of birth & death records, a lot of canteen and personal hygeine
     [sic] products.  He did this deliberately and maliciously and lied about it.  He took
8    my property receipts and stole receipts so I could not show I had these items.  The
     warden did nothing.  James Tilton did the directors [sic] level review and refused
9    to act or do anything to correct this and he is also responsible for this act.

10  Compl., at 3.  He claims that defendant Nick intended as a "retaliatory act for some appeal or

11  compliant I had previously filed."  Compl., at 4.  Finally, plaintiff alleges that defendant Tilton is

12  aware of a pattern of such conduct and refuses to take any corrective action.  Compl., at 5.  To

13  state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived

14  plaintiff of a right secured to him by the Constitution or laws of the United States while acting

15  under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim for

16  retaliation, plaintiff must allege that on a specified date an individual state actor took adverse

17  action against plaintiff for his engagement in a constitutionally protected activity and the adverse

18  action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate

19  penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);  *Rizzo v. Dawson*,

20  778 F.2d 527, 531-32 (9th Cir. 1985).  Moreover, plaintiff has no Fourth Amendment right to

21  freedom from a search of his cell, even though it may have been unreasonable.  *Hudson v.*

22  *Palmer*, 468 U.S. 517, 525-26 (1984).  An unauthorized taking of property does not violate the

23  due process clause of the Fourteenth Amendment when, as here, state law provides an adequate

24  post deprivation remedy.  *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir.

25  1994) (holding that Cal. Gov't Code § 810 provides such a remedy).

26  ////

1        Plaintiff's allegations fail to state a claim under either of these theories.

2        Any amended complaint must show that the federal court has jurisdiction and that

3   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

4   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

5   defendant only persons who personally participated in a substantial way in depriving plaintiff of

6   a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

7   subjects another to the deprivation of a constitutional right if he does an act, participates in

8   another's act or omits to perform an act he is legally required to do that causes the alleged

9   deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

10  participants and allege their agreement to deprive him of a specific federal constitutional right.

11       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

12  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

13  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

14  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

15       The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

16  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

17  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

18  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

19  set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

20  *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

22  must not include any preambles, introductions, argument, speeches, explanations, stories,

23  griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

24  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint

25  for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)

26  (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

3

1   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

2   pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including

3   many defendants with unexplained, tenuous or implausible connection to the alleged

4   constitutional injury or joining a series of unrelated claims against many defendants very likely

5   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

6   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

7          A district court must construe pro se pleading "liberally" to determine if it states a claim

8   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

9   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

10  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

11  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

12  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

13         An amended complaint must be complete in itself without reference to any prior

14  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

15  files an amended complaint, the original pleading is superseded.

16         Plaintiff is admonished that by signing an amended complaint he certifies he has made

17  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

18  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

19  Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

20  be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code

21  Regs. tit. 15, § 3005.

22         A prisoner may bring no § 1983 action until he has exhausted such administrative

23  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

24  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

25  amended complaint he certifies his claims are warranted by existing law, including the law that

26  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

1  his action.

2      Accordingly, the court hereby orders that:

3      1.  Plaintiff's request to proceed *in forma pauperis* is granted.

4      2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

5  accordance with the notice to the Director of the California Department of Corrections and

6  Rehabilitation filed concurrently herewith.

7      3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

8  original and one copy of the amended complaint, which must bear the docket number assigned to

9  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

10  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

11  an amended complaint stating a cognizable claim the court will proceed with service of process

12  by the United States Marshal.

13  Dated:  April 8, 2008.

14      _____
        EDMUND F. BRENNAN
15      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26